## LEWIS v. SCHAFER.

### No. 5431.

Court of Appeals of District of Columbia.

Argued April 6, 1932.

Decided May 2, 1932.

Herbert S. Ward and Thos. H. Patterson, both of Washington, D. C., for appellant.

W. C. Sullivan, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, and GRONER, Associate Justices.

MARTIN, Chief Justice.

An appeal relating to the interpretation or construction of a will.

It appears that Frederick Schafer, a resident of the District of Columbia, departed this life testate in the year 1912, and his last will and testament was duly admitted to probate. He was survived by his widow, who became executrix of his estate, and two sons, Frederick and George. The latter died on September 1, 1927, intestate, and without issue, leaving the appellant as his widow,

who is also the administratrix of his estate. The two sons of the testator were his only issue; the elder son still survives and is the father of a daughter now living. At the time of his decease the testator was the owner of lot No. 923 Louisiana Avenue Northwest, which is the subject of the present controversy. The property has since been condemned for public uses by the United States, but that fact has no bearing upon this case.

The relevant items of testator's will read as follows:

"5. The title of my property, No. 923 Louisiana Avenue N.W., I hereby vest in my executrix, Susie E. Schafer, to have and to hold during her natural life; to take possession of same, keep it in good repair and well insured, pay all taxes, and the proceeds derived from rent less expenses to be used by her for the maintenance of herself and my children during their minority.

"6. Upon the death of my said wife, Susie E. Schafer, it is my desire for the court to appoint an executor and trustee (or executors and trustees) to hold my said property in trust for the benefit of my children. I also desire the court to appoint a guardian for my minor children, should there be any at that time, with a sum sufficient for their education and maintenance during their minority, all of which sum to be expended by the direction of the court.

"7. Upon my youngest child attaining his or her majority, I desire and direct the executors and trustees appointed by the court to sell this or any other property I may then own and divide the net proceeds between my said children or their issue share and share alike—it being my intention to have the issue of my children take their parents' share.

"8. But should I have no children or should there be no issue of my children living at my death, or should all my children die without issue before the death of my wife, Susie E. Schafer, then I give, devise, and bequeath all of my property to my wife, Susie E. Schafer, absolutely and in fee simple."

It may be repeated here that prior to the testator's death, his son George W. Schafer,

after attaining his majority, died intestate without issue, and that testator's other son, Frederick Schafer, and also testator's widow, Susie E. Schafer, still survive.

It is the claim of appellant as administratrix of the estate of George W. Schafer, deceased, that the testator by his will equitably "converted" the real estate known as No. 923 Louisiana Avenue Northwest, into personalty; that this personalty was to be divided equally between the testator's children, Frederick and George, when the latter attained the age of 21 years; that George having attained that age on March 1, 1925, a half portion of such personalty had then vested in him, and, inasmuch as no part thereof had been paid to George in his lifetime, a right had accrued to the administratrix of his estate to sue the appellee as executrix of the estate of Frederick Schafer for an accounting and recovery. The present case accordingly was brought by appellant for the purpose.

On the other hand, it is claimed by appellee, Susie E. Schafer, that the testator by his will devised to her a life estate in the property in question, coupled with a provision that upon her decease the property should be held by trustees for the benefit of testator's children until the youngest child should become of age, whereupon the property should be sold and the net proceeds divided between his children, or their issue, with the further provision that, if all of testator's children should die without issue before the death of his wife, the property should then vest in her in fee simple. Appellee accordingly claimed a present life estate in the property.

In our opinion the language of testator's will is plain and unambiguous, and neither requires nor admits of construction according to technical rules. It plainly and unmistakably provides for a life estate in testator's widow as claimed by her. This is all that is involved in this appeal, and is all that we need now decide.

The decree of the lower court is accordingly affirmed.

Affirmed.